

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2007

# Yiu Mang Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1109

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Yiu Mang Chen v. Atty Gen USA" (2007). *2007 Decisions.* Paper 568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1109
_____


YIU MANG CHEN,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent.


_____


On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A79-682-340)

Immigration Judge: Daniel A. Meisner


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 28, 2007

BEFORE: BARRY, FUENTES, and GARTH, Circuit Judges.


(Filed: August 20, 2007)


_____

_____

FUENTES, <u>Circuit Judge</u>.

Petitioner Yiu Mang Chen, a Chinese citizen born in 1971, attempted to enter the United States in March 2002 and was charged with removability. In September 2002, she applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. After a hearing, an immigration judge ("IJ") denied relief, and the Board of Immigration Appeals ("BIA") affirmed. Chen then filed a timely petition. We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252, and we will deny the petition for the reasons that follow.

In her application and at her hearing before the IJ, Chen testified to the following facts. In January 1992, she and her boyfriend participated in a traditional marriage ceremony after the government denied them a marriage certificate because they were too young. Chen became pregnant in February 1992 and gave birth to a daughter in November 1992. During her pregnancy, in May 1992, her boyfriend left China and came to the United States. In 1993, family planning officials fined her and told her not to have any more children because she was too young and unmarried. The officials required her to have an intrauterine device ("IUD") inserted and to attend periodic checkups. According to Chen, the IUD caused her abdominal pain and headaches. She saw a doctor who refused to remove the device and only gave her medication that did not work. She testified that she feared being imprisoned and sterilized if returned to China.

The IJ denied Chen's claims after first determining that she had failed to provide credible testimony. First, the IJ noted her demeanor while testifying; she kept her head down and did not look at the IJ or her attorney while giving answers that appeared memorized or rehearsed. Second, the IJ noted that she made inconsistent statements about her living arrangements with her boyfriend, her contact with her boyfriend after he came to the United States, and her medical treatment for pain associated with the IUD insertion. Third, the IJ noted the lack of corroborating evidence from China, such as affidavits or medical records. In addition, the IJ concluded that, even if Chen had testified truthfully, she did not meet the standard for asylum. The BIA deferred to the IJ's credibility findings and agreed that, even if credible, Chen had failed to meet the standard for relief.

We review the findings of the BIA and IJ, including adverse credibility determinations, under the substantial evidence standard. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). "[W]e must uphold the credibility determination of the BIA or IJ unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (quoting 8 U.S.C. § 1252(b)(4)(B)). Chen is correct that we have sometimes been skeptical of credibility determinations based on a petitioner's demeanor. See, e.g., Fiadjoe v. Attorney General, 411 F.3d 135, 154 (3d Cir. 2005). Here, however, the IJ not only questioned Chen's demeanor but also properly observed that she made a number of inconsistent statements while failing to corroborate her claims. Furthermore, we have stated that "an IJ is normally in the best position to make credibility determinations as he

3

is uniquely qualified to decide whether an alien's testimony has about it the ring of truth." Chen v. Gonzales, 434 F.3d 212, 220-21 (3d Cir. 2005) (internal quotation marks omitted).

We conclude that the IJ's credibility determinations were reasonable and that the denial of asylum was therefore supported by substantial evidence. Chen failed to demonstrate that she resisted the IUD insertion or that she was persecuted as a result of any resistance "to a coercive population control program." 8 U.S.C. § 1101(a)(42)(B). In addition, even if the IUD caused her pain, we believe substantial evidence supports the conclusion that this did not rise to the level of past persecution. See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) (stating that persecution "include[s] threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom"). Finally, we agree that Chen did not offer additional evidence or testimony that would establish a well-founded fear of persecution.

For these same reasons, we hold that substantial evidence supports the denial of Chen's application for withholding of removal and relief under the Convention Against Torture. See INS v. Stevic, 467 U.S. 407, 413, 425 (1984) (holding that to qualify for withholding of removal, an applicant must demonstrate a "clear probability" of persecution if removed); Obale v. Attorney General, 453 F.3d 151, 161 (3d Cir. 2006) (noting that to qualify for protection under the Convention Against Torture an applicant must show that it is more likely than not that she will be tortured if removed). As a result, we will deny Chen's petition.

4